UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| ALAUDDIN FARUQUE | ) | Case No. 07-13375-SSM |
| | ) | Chapter 7 |
| Debtor | ) | |
| | ) | |
| JATINDER SAYAL | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding No. 09-1035 |
| | ) | |
| ALAUDDIN FARUQUE *et al*. | ) | |
| | ) | |
| Defendants | ) | |

**MEMORANDUM OPINION**

Before the court are (a) the defendant's motion to dismiss the complaint for failure to state a claim for relief, (b) the defendant's supplemental motion to dismiss the complaint, and (c) the defendant's motion to grant summary judgment. A hearing was held on June 17, 2009, at which the court heard oral argument and took the motions under advisement. At a continued hearing on July 15, 2009, the court ruled from the bench that the complaint, although inartfully pleaded, nevertheless fairly stated a claim for revocation of the defendant's discharge. The court further rejected the defendant's argument that the plaintiff is not truly a creditor and therefore lacks standing to pursue an action for revocation of the defendant's discharge. However, the court agreed that the defendant's alleged fraud in not reporting income and transfers of assets was reasonably within the plaintiff's knowledge or ability to discover prior to the defendant's

1

discharge, thereby precluding an action to revoke the discharge based on that fraud. For that reason, the court ruled that the motion for summary judgment would be granted, and the complaint dismissed. The purpose of this opinion is to explain more fully, for the benefit of the parties and any reviewing court, the reasons for the court's ruling and to correct minor errors with the respect to the sequence of events.

## Background

The defendant, Alauddin Faruque ("the debtor") filed a voluntary petition in this court on November 5, 2007, for relief under chapter 7 of the Bankruptcy Code. Robert O. Tyler was appointed as trustee. The plaintiff, Jatinder Sayal, was listed as a creditor and was mailed notice of the commencement of the case. The meeting of creditors was held on December 3, 2007, and the last day for filing complaints objecting to the debtor's discharge was February 1, 2008.[1] No objections were filed to the debtor's discharge, and he was granted a discharge on February 6, 2008.

At the trustee's request, creditors were notified of the need to file claims, with the bar date being March 10, 2008. Mr. Sayal filed a proof of claim on January 22, 2008, in the amount of $16,218 based on a judgment he had obtained against the debtor in the Fairfax County General District Court on March 5, 2007. He did not, however, file a complaint to determine the dischargeability of his claim. The trustee filed a report of no distribution on February 8, 2008, and there has been no further administration of the case, although for reasons that are not entirely clear, the case was never formally closed.

---

[1] Fed.R.Bankr.P. 4004(a). The same deadline applied to complaints to determine the dischargeability of debts alleged to be excepted from discharge under §§ 523(a)(2), (4) or (6) of the Bankruptcy Code. Fed.R.Bankr.P. 4007(c).

The present action was commenced on February 4, 2009—just shy of one year after the granting of the discharge—by the filing of a pleading entitled "Complaint for Damages and to Determine Dischargeability of Debt", with the named defendants being the debtor and the chapter 7 trustee (against whom, however, no relief is requested).[2] Although referring at several points to the court's jurisdiction to determine dischargeability of a debt, the statutes invoked are various provisions of § 727 of the Bankruptcy Code, which governs the debtor's right to a discharge, not the dischargeability of particular debts. Relevant to the present motion, the complaint makes the following allegations, the first of which is bold-faced and specifically represented to have been "recently discovered":

> ● The debtor transferred his share of real property located at 10708 Oak Place, Fairfax, Virginia, valued at approximately $400,000, to co-owner and childhood friend, Rakibuddin Ahmed ,on April 4, 2007, just six months prior to filing the voluntary petition and failed to list the transfer on his Statement of Financial Affairs in response to Question No. 10, asking for all transfers of property within 2 years prior to the filing of the petition.
>
> ● The debtor failed to report in response to Question No. 1 on his Statement of Financial Affairs his income from Amar Construction Co., Inc, Hernandez Plumbing, Inc., "Escrow Account (803 Plum Street, Vienna, VA)", and from the sale of real property at 10820 Scott Drive, Fairfax, Virginia.
>
> ● The debtor failed to list the fraud judgment Mr. Sayal obtained against the debtor on March 3, 2007, seven months prior to the bankruptcy filing.

Complaint ¶¶ 8, 9, and 10. Additionally, the complaint is replete with generalized allegations that the debtor and his friends defrauded numerous creditors by entering into construction

---

[2] A nearly identical complaint was filed around the same time by Wali Wakilpoor, who, unlike the plaintiff here, was not listed as a creditor in the bankruptcy case. That complaint was dismissed with leave to file an amended complaint to determine the dischargeability of the unlisted debt under § 523(a)(3) of the Bankruptcy Code. *Wakilpoor v. Faruque (In re Faruque)*, 2009 WL 982417 (Bankr. E.D. Va., April 9, 2009).

contracts with them, obtaining large up front payments, abandoning the projects, and using the money to buy and quickly resell residential properties, from which he and his friends made large profits. Complaint ¶ 13. In the same vein, the complaint alleges that the debtor made materially false statements to get four mortgages worth $2 million from a company called Financial Mortgage, Inc., controlled by Vijay Taneja, in order "to steal money from the banks even though he had no income to pay for the loans."[3] Complaint ¶¶ 14 and 22. Finally, the complaint alleges that the debtor committed fraud by characterizing himself as an "individual" on his bankruptcy filing, even though he "never earned his income as an individual." Complaint ¶ 11.

     As it turns out, Mr. Sayal had considerable knowledge, long before the filing of the bankruptcy petition, of the debtor's involvement with Amar Construction and of his interest in the Oak Place property. Mr. Sayal was first introduced to the debtor in May 2004, when Mr. Sayal signed a contract with Amar Construction to build an addition to an existing house. According to Mr. Sayal, the debtor was introduced to him by Daljeet Dev of Amar Construction as a "Friend/Employee in Training and later as Partner" of Amar Construction and brought labor to the job site and collected checks from Mr. Sayal to Amar Construction. At some point a dispute developed, and Mr. Sayal sued both Amar Construction and the debtor in the General District Court of Fairfax County, Virginia. While those suits were pending, Mr. Sayal entered

---

[3] Vijay Taneja and Financial Mortgage, Inc. ("FMI") are both debtors in this court. *In re Vijay K. Taneja,* No. 08-13293-SSM (filed June 9, 2008); *In re Financial Mortgage, Inc.*, No. 08-13287-SSM (filed June 9, 2008). Evidence has been presented in their cases that Mr. Taneja used FMI to commit fraud upon a number of mortgage companies by selling several mortgage loan originated by FMI to multiple purchasers in the secondary market. As a result of this and other activity, Mr. Taneja was prosecuted for conspiracy to launder money and was sentenced to imprisonment for 84 months. *United States v. Taneja*, No. 1:08-cr-428 (E.D. Va., January 30, 2009).

into a settlement agreement with Amar Construction and "Alauddin Faruque, in his capacity as Partner of Amar Construction Co., Inc." dated July 5, 2006. The payments required by the agreement were apparently not made, and on September 25, 2006, Mr. Sayal obtained a judgment against the debtor for $15,000 based on a claim for "Fraud, Fraud and Fraud, Breach of Contract, Breach of Settlement Agreement, Recover Damages." Shortly thereafter, Mr. Sayal filed a second suit against the debtor in the Fairfax County General District Court for "Fraud, Breach of Settlement Agreement, Breach of Contract." A judgment was entered in favor of Mr. Sayal on March 5, 2007, in the amount of $15,000. After obtaining his judgments, Mr. Sayal engaged in extensive efforts, including post-judgment interrogatories, to enforce them. Among the steps taken by Mr. Sayal was the docketing of at least one of the judgments in the Clerk's Office of the Circuit Court of Fairfax County, which resulted in a judgment lien attaching to property co-owned by the debtor and Rakibuddin ("Adel") Ahmed at 10708 Oak Place, Fairfax, Virginia. On June 25, 2007, Mr. Sayal wrote to Mr. Ahmed's attorney indicating his awareness that the debtor was no longer a record owner of the Oak Place property but asserting both his legal and moral right to enforce the judgment against the property nevertheless. On July 16, 2007, the debtor and Mr. Sayal signed a settlement agreement under which Mr. Sayal agreed to release all claims against the debtor upon payment of $17,000.00 according to a specified time schedule. There is some dispute as to what payments Mr. Sayal received and when he received them. In any event, Mr. Sayal filed a satisfaction of the first judgment on August 30, 2007, but contends that sums remain owed with respect to the second judgment.

Discussion

I.

A complaint may be dismissed at the outset of the litigation if it fails to state a claim upon which relief may be granted. Fed.R.Bankr.P. 7012(b); Fed.R.Civ.P. 12(b)(6). As the Supreme Court has cautioned, however, "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Additionally, "it is well established that, in passing on a motion to dismiss. . . for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader." *Id.* The Fourth Circuit has further instructed that federal courts must liberally construe the pleadings of pro se parties. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), *cert. denied* 439 U.S. 970 ("In the great run of pro se cases, the issues are faintly articulated and often only dimly perceived."). At the same time, a plaintiff must provide grounds for entitlement to relief, which requires more than labels and conclusions or a formulaic recitation of the elements of a cause of action, and the well-pleaded factual allegations must "plausibly" support an entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

Even if a complaint adequately states a claim for relief, summary judgment may be entered in favor of a defendant without a trial if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the defendant is entitled to judgment as a matter of law.  Fed.R.Bankr.P. 7056; Fed.R.Civ.P. 56(c).  Summary judgment is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1985).  In ruling on a motion for summary judgment, a federal court should believe the evidence of the non-movant, and all justifiable inferences must be drawn in his favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986).  However, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  *Id*. at 248, 106 S.Ct. at 2510.

II.

As the defendant correctly notes, the plaintiff, who is proceeding *pro se*, has confused the concepts of discharge and dischargeability.  A discharge cancels the debtor's personal obligation to pay debts that arose prior to the filing of a bankruptcy petition.  §§ 524(a) and 727(b), Bankruptcy Code.  In a chapter 7 case, discharge may be denied on a number of grounds, most of which center on some form of wrong-doing by the debtor (for example concealment of assets, the making or filing of false statements in connection with the bankruptcy case, and willful violation of court orders), but some of which simply reflect policy choices (for example, only individuals, not corporations, are entitled to a discharge, and even individuals are not entitled to a discharge if they received a discharge in a prior case filed within a specified period).  § 727(a)(1)-(12), Bankruptcy Code.  In a chapter 7 case, a complaint objecting to the debtor's discharge must be filed no later than 60 days after the first date set for the meeting of creditors.

7

Fed.R.Bankr.P. 4004(a). Although the time for filing such a complaint may be extended for cause, the request for an extension must be filed before the time has run. Fed.R.Bankr.P. 4004(b). If a discharge is granted, it may be revoked upon a complaint filed by the trustee, a creditor, or the United States Trustee within one year after the granting of the discharge if "such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge." § 727(d) and (e), Bankruptcy Code.[4]

Although a chapter 7 discharge eliminates the debtor's liability on most kinds of debts, there are exceptions. § 523(a)(1)-(19), Bankruptcy Code. For certain of these, a complaint to determine the dischargeability of the debt must be filed with the bankruptcy court within 60 days of the first date set for the meeting of creditors. § 523(c)(1), Bankruptcy Code; Fed.R.Bankr.P. 4007(c). The debts subject to the 60-day deadline are those for fraud, fiduciary defalcation, embezzlement, larceny, and willful and malicious injury to person or property. § 523(a)(2), (4) and (6), Bankruptcy Code. As with an objection to discharge, the 60-day period may be extended for cause, but only if the request for an extension is filed before the period has expired. Fed.R.Bankr.P. 4007(c).

---

[4] A discharge may also be revoked for failure to comply with an order of the bankruptcy court, fraudulent failure to report a post-petition inheritance or post-petition property right arising under a divorce decree or divorce property settlement agreement, or failure to cooperate with a debtor audit or satisfactorily explain a material misstatement identified in such an audit. § 524(d)(2)-(4), Bankruptcy Code. A complaint to revoke discharge on any of those grounds must be filed before one year after the granting of the discharge or the closing of the case, whichever occurs later. § 524(e)(2), Bankruptcy Code. None of these additional grounds for revocation are implicated by the present complaint.

The complaint before the court does not plead *any* of the grounds in § 523(a), for excluding the debtor's claimed liability to the plaintiff from discharge.[5] Put another way, merely because a debtor is a bad person, as the plaintiff alleges, is not a ground for excluding a particular debt from discharge—rather, the debt must be shown to fall within one of the categories specified in § 523(a) of the Bankruptcy Code. Thus, to the extent the complaint attempts to state a cause of action to except Mr. Sayal's debt from discharge, it fails to do so.

The complaint does, however, plead facts that, if true, would support a revocation of the debtor's discharge. As noted, a discharge may be revoked if the debtor obtained his discharge through fraud. § 727(d)(1), Bankruptcy Code. Most courts have concluded that proof of conduct by a debtor in violation of Sections 727(a)(2) and (4) of the Bankruptcy Code is sufficient to establish that the discharge was obtained by fraud.[6] Such conduct would include

---

[5] To be sure, the complaint does state in passing, although without elaboration, that Mr. Sayal's own judgment against the debtor was based on fraud. ¶ 10. However, since Mr. Sayal was listed as a creditor, any action to exclude the judgment from discharge on that basis is time-barred since a complaint was not brought within the 60-day limitation period under Rule 4007(c).

[6] This is not to say that an argument cannot be made to the contrary. As this court has previously noted:

> As a threshold matter, the court observes that a critical assumption underlying [the complaint] is that § 727(d)(1) incorporates, as a basis for *revoking* a debtor's discharge, all of the fraud-type grounds that could have been asserted under § 727(a), Bankruptcy Code, as a basis for *objecting* to the debtor's discharge. Under a literal reading of the statute, however, it is far from clear that the grounds for revoking a debtor's discharge after it has been granted are co-extensive with the grounds for objecting to it in the first instance. Section 727(d)(1), as noted, allows revocation of a discharge if "the discharge was *obtained through* the fraud of the debtor" (emphasis added). The plain language of the statute could thus be read to require, not merely that the debtor engaged in fraud during or in connection with his case, but rather that a cause-and-effect relationship exists, such that the debtor would not have received a discharge but for the fraudulent act. Such a nexus would clearly exist, for example, if a debtor filed under a false name or
> (continued...)

9

transfer or concealment of property with intent to hinder, delay or defraud a creditor or the trustee and the making of a false oath or account in or in connection with the case. The complaint, while confusing denial of discharge with exception from discharge, does allege conduct by the debtor that, if true, would clearly fall within Sections 727(a)(2) and (4). It is true that the complaint also contains allegations that are extraneous to a cause of action for revocation of a discharge. In particular, the allegations that the debtor defrauded customers with whom he

---

[6](...continued)
> social security number to conceal the fact that he or she had previously filed a bankruptcy within the last six years and was therefore ineligible for a discharge. *See e.g.*, *Miller v. Ping (In re Ping)*, 96 B.R. 96 (Bankr. E.D. Ky. 1988) (discharge revoked for failure to list former name under which previous petition was filed); *In re Gonzalez*, 248 B.R. 731 (Bankr. S.D. N.Y. 2000) (discharge revoked where debtor filed using false social security number).
>
> It is less clear that fraudulent concealment of assets during a bankruptcy case can be seen as the *means by which* the debtor obtains a discharge to which he or she is not entitled. Be that as it may, the reported cases uniformly appear to read § 727(d)(1) as allowing revocation of a discharge where a debtor's fraudulent conduct prior to the granting of the discharge would have constituted a basis for denial of discharge had it been known in time. *See, e.g., Govaert v. Topper (In re Topper),* 85 B.R. 167 (Bankr. S.D. Fla. 1988) (discharge revoked where debtor concealed beneficial ownership in business); *Stewart v. Black (In re Black)*, 19 B.R. 468 (Bankr. M.D. Tenn. 1982) (discharge revoked for concealing ownership of automobile); *Walton v. Staub (In re Staub),* 208 B.R. 602 (Bankr. S.D. Ga. 1997) (discharge revoked for failure to disclose checking account, business income, and military reserve income); *Borock v. Telesz (In re Ventimiglia)*, 198 B.R. 205 (Bankr. E.D. Mich. 1996) (discharge revoked for concealment of bank account); *Kaler v. Olmstead (In re Olmstead)*, 220 B.R. 986 (Bankr. D. N.D. 1998) (discharge revoked for understatement of income and concealment of checking account); *Walsh v. Hendrickson (In re Hendrickson)*, 156 B.R. 19 (Bankr. W.D. Pa. 1993) (discharge revoked for concealment of prepetition and postpetition payments to satisfy gambling debts). Given this consistent reading of the statute, the court will assume, for the purpose of the present motion, that fraudulent conduct sufficient to bar a discharge will also support a revocation of discharge.

*McDow v. Shea (In re Shea)*, No. 99-12161-SSM, A.P. No. 00-1167 (Bankr. E.D. Va., March 26, 2001), available at http://www.vaeb.uscourts.gov/opinions/ssm/shea.pdf.

contracted for home improvements and defrauded banks by obtaining mortgage loans for which he was not qualified would be relevant to an action by those creditors to except their particular debts from discharge but does not impact a debtor's general right to a discharge.  Put another way, the fact that a debtor may have defrauded many people is not a specified ground under §727(a) for denying issuance of a discharge.  Each defrauded creditor has a right to file a timely complaint to have its debt excluded from the discharge; but Mr. Sayal cannot vicariously assert their victimization (assuming it to be true) as a basis for revoking the debtor's discharge.  Additionally, the claim that the debtor misrepresented his status as an "individual" fails to provide any basis for either objecting to or revoking the debtor's discharge.  "Individual" simply means a natural person.  The debtor is indisputably a natural person, and is not made less so because his income may have been derived from, or earned through, a corporation or other artificial entity, such as a partnership or limited liability company.  However, a complaint is not ordinarily subject to dismissal simply because it contains surplusage; rather, the irrelevant allegations will simply be stricken or ignored.  But since the present complaint, however inartfully pleaded, at least minimally states a claim for revocation of the debtor's discharge as having been obtained through fraud, it will be treated as such and the motion to dismiss the complaint for failure to state a claim for relief will be denied.

III.

As a threshold matter, however, the debtor asserts that Mr. Sayal is not a legitimate creditor and therefore lacks standing to seek revocation of discharge.[7]  This is so, the debtor

---

[7] The debtor has raised this defense in a pleading entitled Supplemental Motion to Dismiss.  In considering a motion to dismiss for failure to state a claim for relief, however, a federal court is
(continued...)

asserts, because the first judgment has been released and the second judgment violated Virginia's prohibition on claim-splitting. As the Virginia Supreme Court has explained,

> "Claim-splitting" is bringing successive suits on the same cause of action where each suit addresses only a part of the claim. Courts have imposed a rule prohibiting claim-splitting based on public policy considerations similar to those underlying the doctrine of *res judicata:* avoiding a multiplicity of suits, protecting against vexatious litigation, and avoiding the costs and expenses associated with numerous suits on the same cause of action.

*Bill Greever Corp. v. Tazewell Nat'l Bank*, 256 Va. 250, 254, 504 S.E.2d 854, 856-57 (1998) (internal citations omitted). Putting aside the question of whether claim-splitting is actually implicated by the facts of this case,[8] such a defense is waived unless timely and proper objection is made. *Gary Steel Products Corp. v. Kitchen*, 197 Va. 471, 474-75, 90 S.E.2d 120, 123 (1955).

---

[7](...continued)
normally restricted to the four corners of the complaint. *See Goodman v. Praxair, Inc.,* 494 F.3d 458 (4th Cir. 2007) (holding that district court erred in dismissing complaint under Rule 12(b)(6) on statute of limitations grounds because the facts pleaded in the complaint did not clearly state when the breach of contract actually occurred or was discovered.). If facts outside the complaint must be considered, the motion is functionally one for summary judgment. *See* Fed.R.Civ.P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). Here, the facts in support of the argument that Mr. Sayal is not a creditor lie entirely outside the four corners of the complaint. Accordingly, the court treats the supplemental motion to dismiss as a motion for summary judgment.

[8] In Virginia, a plaintiff may proceed in a General District Court by a simplified form of process known as a warrant in debt, which does not require a detailed statement of the cause of action. Va. Code Ann. § 16.1-79; *see* http://www.courts.state.va.us/forms/district/dc412.pdf (form of warrant in debt) (last visited July 16, 2009). To the extent a defending party needs more information, it can ask for a bill of particulars. Rule 7B:2, Rules of the Sup. Ct. of Va. Because Mr. Sayal proceeded by warrant in debt, and because there was no demand for a bill of particulars, the court lacks sufficient information to determine whether, as the defendant asserts, Mr. Sayal improperly sued on a single larger claim in $15,000 increments so as to remain within the jurisdictional limits of the General District Court. *See* Va. Code Ann. § 16.1-77(1) (conferring exclusive jurisdiction on general district courts of civil claims not exceeding $4,500 and concurrent jurisdiction with circuit courts of civil claims over $4,500 but not exceeding $15,000).

In this case, the proper time for raising a defense of claim-splitting was when the second suit was brought. Once a judgment was entered in that cause and became final, any defense based on claim-splitting was lost and cannot form the basis of a collateral attack on the judgment. Accordingly, the motion for summary judgment, to the extent based on an argument that Mr. Sayal is not a legitimate creditor, must be denied.[9]

IV.

The question remains, however, whether Mr. Sayal did not learn of the fraud he relies upon until after the debtor received his discharge. It is essential to a cause of action for revocation of discharge not only that the debtor obtained his discharge by fraud, but that the objecting creditor "*did not know* of such fraud until after the granting of such discharge." § 727(d)(1) (emphasis added). Here, Mr. Sayal certainly knew, well prior to the issuance of the discharge, that the debtor worked for, or at least with, Amar Construction; that the debtor had transferred his interest in the Oak Place property to Mr. Ahmed; and that he (Mr. Sayal) had obtained a judgment against the debtor.[10] While Mr. Sayal may not have known all of the details, the pre-discharge knowledge that will preclude an action to revoke a debtor's discharge

---

[9] The defendant also contends that the claim represented by the second judgment should be deemed satisfied because Mr. Sayal has received payments totaling at least the amount specified in the settlement agreement, and that any failure to meet the time limits in the settlement agreement for Mr. Sayal's receipt of the payments was not a material breach. Suffice it to say that the evidence on this point is sufficiently murky that summary judgment is not appropriate. Of course, to the extent the defendant believes the second judgment has been satisfied under the terms of the settlement agreement, he is free to bring an appropriate motion in the Fairfax County General District Court to have the judgment marked satisfied.

[10] The court notes that although the deed of gift from the debtor to Mr. Ahmed was not reported, the statement of financial affairs did report that the property was foreclosed upon some 10 months later. Additionally, the statement of financial affairs did report — as a "collection action" — the second of the two judgments Mr. Sayal had obtained against the debtor.

is satisfied by knowledge of sufficient facts to put the plaintiff on notice of the debtor's fraud. As one court has explained, "dismissal of a § 727 (d)(1) revocation action is proper where, before discharge, the creditor knows facts such that he or she is put on notice of possible fraud." *Mid-Tech Consulting, Inc. v. Swendra*, 938 F.2d 885, 888 (8th Cir. 1991). *See also*, *Canfield v. Lyons (In re Lyons)*, 23 B.R. 123 (Bankr. E.D. Va. 1982) (trustee's complaint to revoke discharge based on debtor's failure to list asset on schedules denied where debtor had informed trustee of the asset at the meeting of creditors); *Anderson v. Vereen* (*In re Vereen*), 219 B.R. 691 (Bankr. D. S.C. 1997) (denying revocation where trustee, even though he may not have had "every fact" concerning business interests omitted from the debtor's schedules, had "sufficient facts to put him on notice of possible fraudulent conduct by the Debtor"); *Lightfoot v. Landry (In re Landry)*, 350 B.R. 51, 57 (Bankr. E.D. La. 2006) (holding that a "plaintiff must show due diligence in investigating and responding to possible fraudulent conduct once he or she is aware of it or is in possession of facts such that a reasonable person in his or her position should have been aware of a possible fraud"); *Fokkena v. Peterson (In re Peterson)*, 356 B.R. 468, 476-77 (Bankr. N.D. Iowa 2006) (quoting *Wood v. Cochard, (In re Cochard)*, 177 B.R. 639, 643 (Bankr. E.D. Mo. 1995) (holding that "[i]f the complaining party 'could have known of the alleged fraud, they have an affirmative duty to investigate before the discharge is granted'")). *But cf. Drewes v. Magnuson (In re Magnuson)*, 113 B.R. 555 (Bankr. D. N.D. 1989) (holding that a trustee was not estopped from seeking revocation of a debtor's discharge where the trustee had knowledge that the debtor understated cash deposits because the trustee did not receive evidence of the debtor's fraudulent actions until subsequent to the disbursement); *Buckstop Lure Co. v. Trost (In re Trost)*, 164 B.R. 740 (Bankr. W.D. Mich. 1994) (holding that a trustee who merely suspected

a discrepancy in the defendant's disclosed fair market value of certain stock withholdings did not possess the requisite knowledge to deny revocation under § 727(d)(1)).

In *Vereen*, the leading case within the Fourth Circuit addressing the issue, the trustee had knowledge prior to discharge of the debtor's potentially fraudulent concealment of assets. Ultimately, the court denied the trustee's request for revocation of the debtor's discharge, holding that a trustee has a responsibility to exercise due diligence, and "once the trustee is in possession of facts that would put a reasonable person on notice of a possible fraud, he has a duty to diligently investigate to determine if grounds exist for the denial of the debtor's discharge and if so to timely file a complaint." 219 B.R. at 696. The rationale for broadly interpreting the knowledge requirement is based on judicial economy, seeing that, "[i]n seeking to revoke the discharge in a separate proceeding when the matter could have been handled before discharge in the original bankruptcy case, [a plaintiff] squander[s] the resources of the parties and of the courts." *Mid-Tech Consulting, Inc.*, 938 F.2d at 888. Furthermore, "[b]y allowing a party with knowledge of potential fraud to delay its investigation with no adverse consequences, the court risks promoting inefficiency in its caseload as well as uncertainty for debtors." *Landry*, 350 B.R. at 57.

In this connection, a creditor who has some information suggesting that the debtor's schedules and statement of financial affairs are incorrect but not enough information to comfortably support an objection to discharge is not without a remedy. Such a creditor may, with court approval, examine the debtor and third parties under oath and compel production of documents to determine if there is a basis for objecting to the debtor's discharge. Fed.R.Bankr.P. 2004. And the creditor may—provided he does so before the time has run—seek

15

a reasonable extension of the time to file an objection to discharge in order to complete the investigation. Fed.R.Bankr.P. 4004(b). But to say that a creditor who has actual knowledge of facts that are inconsistent with the debtor's schedules can simply sit back and let months pass before investigating in earnest would defeat the very diligence that the deadline for filing an objection to discharge seeks to promote. For that reason, the court determines that because Mr. Sayal had sufficient knowledge, prior to the granting of the debtor's discharge, to put him on notice of the debtor's alleged fraudulent failure to report income and property transfers, he does not satisfy the requirement in § 727(d)(1) that he "did not know of such fraud until after the granting of such discharge." Since pre-discharge lack of knowledge is an essential element of a § 727(d)(1) action to revoke a debtor's discharge, and since Mr. Sayal does not satisfy that requirement, the motion for summary judgment will be granted, and final judgment will be entered for the debtor dismissing the complaint.

V.

One final comment is perhaps appropriate. Nothing in this opinion should be read as condoning any criminal act that may have been committed by the debtor or minimizing the court's concern with respect to such acts. Such conduct, if it occurred, may be the subject of criminal prosecution independent of a civil action to revoke a debtor's discharge. *See* 18 U.S.C. § 152 and § 157(3). A copy of this opinion will be provided to the United States Trustee for such investigation as he may think proper and possible referral to the United States Attorney for prosecution. Certainly, the court would encourage Mr. Sayal, to the extent he believes crimes have been committed, to bring any relevant information to the attention of the United States Trustee.

A separate order will be entered consistent with this opinion.

Date: _____     _____
                                              Stephen S. Mitchell
Alexandria, Virginia                          United States Bankruptcy Judge

Copies to:

Jatinder Sayal
7412 Marc Drive
Falls Church, VA 22042
Plaintiff *pro se*

David E. Jones, Esquire
11211 Waples Mill Road, Suite 210
Fairfax, VA  22030
Counsel for the defendant

Robert O. Tyler, Esquire
Tyler, Bartl, Ramsdell & Counts, P.L.C.
700 S. Washington Street, Suite 216
Alexandria, VA  22314
Chapter 7 trustee

Dennis Early, Esquire
Assistant United States Trustee
115 South Union Street, Suite 210
Alexandria, VA  22314